Charles L. LONGBOTTOM and Nancy Sue Chapman, Appellants,

v.

Roy Ralph SWABY, a minor, by his next friend, Harold F. Edwards, et al., Appellees.

No. 23987.

United States Court of Appeals
Fifth Circuit.

June 24, 1968.

Rehearing Denied Aug. 14, 1968.

T. Paine Kelly, Jr., Tampa, Fla., for appellants.

Guy N. Perenich, Clearwater, Fla., Frank Muscarella, Jr., Tampa, Fla., for appellees.

Before WISDOM and GODBOLD, Circuit Judges, and McRAE, District Judge.

GODBOLD, Circuit Judge:

Altimont Swaby, a citizen of Jamaica, was killed when struck by an automobile in Florida a few days after he arrived in this country to work as a farm laborer. This suit was filed under the Florida Wrongful Death Statute [1] by five appellees alleging that they are decedent's minor children and their father left no surviving widow. The defendants-appellants are the owner of the automobile and his daughter, who was operating it.

There was a jury verdict for the plaintiffs for $5,000.

The major questions on this appeal are: (1) Did the district court err in allowing plaintiffs to amend their complaint to conform to the proof, after the Statute of Limitations had run, to change the description of the plaintiffs from that of minor children of decedent to that of dependents. (2) Whether the trial court erroneously charged on last clear chance.

I

◼ Section 768.02 of the Florida Statutes, F.S.A. describes the availability of the cause of action for wrongful death to various classifications of persons in a described order of preference.[2] The non-existence of persons in a class with higher preference is viewed as substantive to a plaintiff's cause of action and must be alleged and proved.[3]

The minor plaintiffs, ages two to seven when suit was filed, are the children of decedent and Rosetta Nevins, but without benefit of marriage. The original complaint named them as plaintiffs in their capacities as children of decedent. The appellants assert that as a matter of Florida law an illegitimate child is not a "minor child," and illegitimate children not "children," within the meaning of § 768.02. We resist the temptation of predicting what the Florida Supreme Court would do if faced with the issue,[3a] for we conclude that the trial court did not err in allowing the post-trial amendment which described the plaintiffs in their capacities as dependents of decedent and negatived the existence of a surviving widow and surviving legitimate minor children, and we are also of the opinion that the evidence of dependency of these children and of non-existence of a widow and of legitimate children was sufficient.

1. Fla.Stat.Ann. § 768.01 et seq. (1964).

2. "Parties; damages; proviso

"Every such action shall be brought by and in the name of the widow or husband, as the case may be, and where there is neither widow nor husband surviving the deceased, then the minor child or children may maintain an action; and where there is neither widow nor husband, nor minor child or children, then the action may be maintained by any person or persons dependent on such person killed for a support; and where there is neither of the above classes of persons to sue, then the action may be maintained by the executor or administrator, as the case may be, of the person killed. In case of the death of any person solely entitled, or of all the persons jointly entitled to sue, before action brought or before the recovery of a final judgment in action brought by him or them, the right of action or the action as the case may be, shall survive to the person or persons next entitled to sue under this section, and in case of the death of one or more persons jointly entitled to sue before action brought or before the recovery of a final judgment in an action brought by them, the right of action or the action, as the case may be, shall survive to the survivor of such persons so jointly entitled to sue;"

3. Love v. Hannah, 72 So.2d 39 (Fla. 1954); Benoit v. Miami Beach Electric Co., 85 Fla. 396, 96 So. 158 (1923); Louisville & N. Ry. Co. v. Jones, 45 Fla. 407, 34 So. 246 (1903); Duval v. Hunt, 34 Fla. 85, 15 So. 876 (1894); Steffan v. Zernes, 124 So.2d 495 (Fla.Ct.App. 1960).

3a. Since this opinion was prepared the Supreme Court has decided Levy v. Louisiana, 391 U.S. 68, 88 S.Ct. 1509, 20 L.Ed.2d 436, holding that it was a denial of equal protection to construe the word "child" in the Louisiana wrongful death statute as "legitimate child" so as to deny to illegitimate children the right to recover for wrongful death of their mother.

Allowance of the amendment and relation back is questioned by appellants on two theories, change in cause of action and change in identity of parties plaintiff. Insofar as the cause of action is concerned Fed.R.Civ.P. 15(c) provides for relation back when the claim asserted in the amended complaint "arose out of the conduct, transaction, or occurrence set forth * * * in the original pleading." The purpose of the rule is accomplished if the initial complaint gives the defendant fair notice that litigation is arising out of a specific factual situation. This court is committed to the principle of giving Rule 15 "not lip service merely but full fealty," [4] and that leave to amend should be given freely when justice requires.[5] We are not *Erie*-bound in derogation of our own rules and policies by the state court characterization that the nonexistence of persons in a higher classification under § 768.02 is substantive. In *Copeland* this court rejected the contention of defendant that a 15(c) amendment was not allowable because new matter alleged set up a new cause of action which but for 15(c) would be barred by limitation, commenting, "This is to misapprehend the purpose and effect, and to misapply, subdivision (c) of the rule [15]." Under *Copeland* the appropriate procedure was held to be to consider the amendment against the claim of limitations in accordance with whether the amended claim met the "conduct, transaction or occurrence" test. In United States v. Johnson, 288 F.2d 40 (5th Cir.1961) this court allowed an amendment after the statutory period had run even though it completely changed the legal theory of plaintiff's claim. The federal rules shift the emphasis from state theories of law as to cause of action to the specified conduct of the defendant upon which plaintiff relies to enforce his claim. 3 Moore, Federal Practice § 15.15[3], at

1023 (1967). There can be no good faith contention that the conduct, transaction or occurrence test is not met in this case.

As to identity of parties plaintiff, Rule 15(c) does not apply to an amendment which substitutes a new party or parties. But amendment in the description of the party plaintiff, and relation back, is allowed after limitations have run if what is involved is mere change in the description of the capacity in which plaintiff sues. As with the theory of change of state cause of action, the federal courts may give weight to but are not bound by state court characterizations that would drain the purpose and vitality out of federal policy. Cf. Hanna v. Plumer, 380 U.S. 460, 85 S.Ct. 1136, 14 L.Ed.2d 8 (1965); see note 7 infra. Change in description of the capacity of the plaintiff after the limitation period has expired has been allowed in a variety of situations. Montgomery Ward & Co. v. Callahan, 127 F.2d 32 (10th Cir.1942) (substitution of legal guardian for guardian ad litem); Quaker City Cab Co. v. Fixter, 4 F.2d 327 (3d Cir.1925) (substitution of widow for administratrix); Fierstein v. Piper Aircraft Corp., 79 F.Supp. 217 (M.D.Pa.1948) (individual capacity substituted for executrix); Reardon v. Balaklala Consol. Copper Co., 193 F. 189 (N.D.Cal.1912), aff'd, 220 F. 584 (9th Cir.1915) (administrator substituted for individual capacity). Compare Russell v. New Amsterdam Cas. Co., 303 F.2d 674 (8th Cir.1962); Frankel v. Styer, 209 F.Supp. 509 (E.D.Pa.1962); Rejsenhoff v. Colonial Nav. Co., 35 F.Supp. 577 (S.D.N.Y.1940). Cf. Missouri, K. & T. Ry. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355 (1913); Owen v. Paramount Productions, Inc., 41 F.Supp. 557 (S.D.Cal.1941); Echevarria v. Texas Co., 31 F.Supp. 596 (D.Del.1940).[6]

---

4. Copeland Motor Co. v. General Motors Corp., 199 F.2d 566 (5th Cir. 1952).

5. Barthel v. Stamm, 145 F.2d 487 (5th Cir. 1944).

6. There is substantial authority for even greater liberality of amendment than called for in this case, in the form of allowing substitution of a new plaintiff after the statute of limitations has run,

There was no substantial prejudice to defendants by the amendment. There was no widow. Whether plaintiffs stand in class 2 or class 3 of the Florida statute there is no preferred plaintiff ahead of them. In the original complaint the damages claimed included loss of support from decedent. The Pre-Trial Stipulation signed by counsel recited a contention of plaintiffs that decedent was their father and that they were dependent upon him for support.

In Young v. Garcia, 172 So.2d 243 (Fla.Ct.App.1965), relied on by appellants for their argument that illegitimate children are not "children" within the statute, the minor plaintiffs sued in the alternative as minor children or as dependents, and the court directed that there be an examination of applicable foreign law (of the decedent's domicile) to determine if there were legitimate children and if there were not "then the court should permit those who occupy the next in right status to proceed with this case." [7]

## II

The appellant does not complain in this court of the form of the charge on last clear chance but claims there was no evidence to support applicability of the charge. We disagree.

The court carefully and painstakingly charged the jury twice on the elements of last clear chance. Taking the elements charged, there was evidence of negligence by the driver, continuing up to the moment of impact. There was evidence that Swaby had been guilty of some act of contributory negligence and by reason thereof was in a position of peril or danger—he was in the roadway, near the center, walking facing oncoming cars—and that the driver knew this, for she observed him while some distance away.

There was testimony that the decedent was walking with an irregular, awkward gait, unsteady and very peculiar, something between a walk and a run, flailing his arms. One witness described it as an odd stagger, or that of a man crippled, and one of the passengers in the car pictured it as "this peculiar, rather nutty behavior." The decedent's manner and conduct in the center of the road were such that a jury might infer he was in such a state of abnormality or not sufficiently in possession of his faculties that his negligence in placing himself in that position

with relation back, when the new and old parties are different but have substantial identity of interest. 3 Moore, supra, at 1042–44 & nn. 8 & 10.

7. This case was tried before the 1966 amendments to the Rules of Civil Procedure became effective. There is no necessity of our discussing whether any 1966 amendments which affect this case would be applied by this court on the appeal. Alvarez v. Pan-American Life Ins. Co., 375 F.2d 992 (5th Cir. 1967). However, we note that Rule 15(c) was amended to add the following provision as to change of a party defendant:

"An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and

(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

The Advisory Committee's note on Rule 15 dealt with amendments changing plaintiffs as follows:

"The relation back of amendments changing plaintiffs is not expressly treated in revised Rule 15(c) since the problem is generally easier. Again the chief consideration of policy is that of the statute of limitations, and the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs. Also relevant is the amendment of Rule 17(a) (real party in interest). To avoid forfeitures of just claims, revised Rule 17(a) would provide that no action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed for correction of the defect in the manner there stated."

had terminated or culminated, leaving him in a situation of peril from which he lacked the existing ability to extricate himself and that the driver knew or should have known that he was unable to extricate himself. That shortly before impact he moved to a position away from the center of the roadway and toward the edge of the paved portion does not establish as a matter of law that he either could or did extricate himself from the peril, for there is testimony that from his new position he either tripped or fell into the path of the oncoming car. (There is other testimony that his new position was all the way onto the grass shoulder and testimony that from his new position he turned back and lunged into the car, but these conflicts in testimony were for the jury.)

We have considered the other contentions made by appellants and find them to be without merit.

Affirmed.