Luther F. ANDERSON

v.

**PHOENIX OF HARTFORD INSURANCE COMPANY, Export Cartage, Inc., Edward F. Goshorn, dba Lake Charles Crate and Pallet Company, Nelson Dodge, Inc., and Nelson Dodge Truck Center, Inc.**

Civ. A. No. 15097.

United States District Court,
W. D. Louisiana,
Lake Charles Division.

Oct. 19, 1970.

On Rehearing Dec. 9, 1970.

Russell T. Tritico, Lake Charles, La., for plaintiff.

Plauche & Plauche, Brame, Stewart & Bergstedt, Robert L. Collings, Lake Charles, La., for defendants.

EDWIN F. HUNTER, Jr., Judge:

This case is a suit for money damages by reason of personal injuries sustained in an automobile accident occurring in Lake Charles, Louisiana. We are concerned with two issues: First,

is this a court of competent jurisdiction? Second, if this is a court of incompetent jurisdiction, has the Louisiana Statute of Limitations tolled (thus denying to plaintiff a federal forum to pursue his cause of action). A brief chronology of events is necessary:

*October 26, 1968*—The accident which resulted in injuries to plaintiff occurred within the State of Louisiana.

*October 24, 1969*—Plaintiff filed his complaint with the Clerk of the United States District Court for the Western District of Louisiana, therein alleging, inter alia, diversity of citizenship and involvement of more than the statutory requirement for federal court jurisdiction. The suit was against Joseph Papillion and Phoenix.

*October 27, 1969*—Service of process on Phoenix.

*November 24, 1969*—Service of process on Papillion.

*December 8, 1969*—Motion to dismiss for lack of diversity between all parties, filed by Phoenix.

*January 28, 1970*—Plaintiff dismisses complaint against Papillion for lack of diversity.

*February 17, 1970*—Plaintiff amends complaint to include other defendants diverse to plaintiff.

Jurisdiction was predicated on diversity of citizenship. It appeared from the pleadings that one of the defendants, Papillion, was a citizen of the same state as plaintiff and was subsequently dismissed. While Papillion may not have been an indispensible party to the tort action, he was nevertheless a proper co-defendant if plaintiff chose to hold all of them liable as joint wrongdoers. The fact remains that Papillion was a party to the action from the time it was filed until he was dismissed. This Court lacked jurisdiction over the civil action because of plaintiff's joining of the non-diverse defendant, and it is this fact which renders the federal district court not "of competent jurisdiction." Venterella v. Pace, La.App., 180 So.2d 240, rehearing denied December 6, 1965,

writs refused February 4, 1966. Having found this Court to be without jurisdiction, our attention is turned to the second issue concerning the tolling of the Statute of Limitations.

If this suit was on a right created by federal law, filing of the complaint, as called for by Rule 3, is sufficient, without more, to satisfy the Statute of Limitations. Despite Rule 3, however, in a suit on a State created right, plaintiff must, before the Statute of Limitations has run, do whatever he would be required to do in a similar suit in State Court. We think this holding is required by Ragan v. Merchants Transfer and Warehouse Company, 1949, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520. The holding there is that where jurisdiction is based upon diversity of citizenship, a federal court cannot give an action longer life than it would have had in the State Court. In our factual setting LSA–R.S. 9:5801 is controlling. The second sentence of that Act states:

"* * * When the pleading presenting the judicial demand is filed in an incompetent court, or in an improper venue, prescription is interrupted as to the defendant served by the service of process. As amended Acts 1960, No. 31, § 1."

Having found this Court to be without jurisdiction, the quoted language controls. No defendant was served within one year, which is the applicable time limitation for this cause of action, and it follows that this suit must be dismissed since prescription is interrupted *only* by service of citation within the prescriptive period when suit has not been brought in a court of competent jurisdiction. Conkling v. Louisiana Power & Light Company, La.App. (4th Cir., 1964), 166 So.2d 68.

Motions to dismiss and/or for summary judgment are granted.

### On Rehearing

Plaintiff, relying on Federal Rules of Civil Procedure (15(c)), seeks a rehearing of the results reached as a result of our written opinion of October 15, 1970.

The chronological facts appear in detail in that opinion and no useful purpose is to be served by reiterating them.

We have previously held

1. That this Court was an "incompetent court" within the meaning of L.R.S. 9:5801 at the time the action was filed because the pure diversity required by Strawbridge v. Curtiss, 3 Cranch 267, 2 L.Ed. 435 (U.S. 1806), was lacking. Plaintiff, a Texas resident, chose to make Papillion, who later turned out to be a resident of Texas, a co-defendant with Phoenix. Having no jurisdiction, this Court was "incompetent" to hear the action.

2. Because L.R.S. 9:5801 interrupts prescription in a suit filed in an "incompetent court" only as to "the defendant served by the service of process" within the prescriptive period and since Phoenix was not served within such period, the action against Phoenix is prescribed.

3. Although Rule 3 of the Federal Rules of Civil Procedure provides that a civil action is "commenced by filing a complaint with the court", Ragan v. Merchants Transfer and Warehouse Company, 337 U.S. 530, 69 S.Ct. 1233, 93 L.Ed. 1520 (1949) prohibits a federal district court in a diversity case to extend a cause of action for a longer period of time than it would have had in the state court.

Holding that this Court was "incompetent" when the suit was filed because the joinder of Papillion destroyed the requisite diversity of citizenship and that, therefore, the action was prescribed as to Phoenix because it was not served within one year, we did not deem it necessary to consider Phoenix's alternative argument that this court would have been an incompetent court as to Phoenix even in the absence of Papillion as a defendant. But, as this case may be on its way to an appellate court, we feel obligated to pass on that contention. The basis for this alternative argument is that Phoenix, like Papillion, must be considered for diversity purposes to be a resident of Texas under the 1964 amendment to the Diversity Statute, 28 U.S. C.A. § 1332(c) which states:

"* * * provided further, That in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, *such insurer shall be deemed a citizen of the State of which the insured is a citizen,* as well as of any State by which the insurer has been incorporated and of the State where it has its principal place of business." (Emphasis added)

At the time of our decision of October 15, 1970, the policy issued by Phoenix to Export Cartage was not in the record. A copy of the policy has now been filed. In the paragraph entitled "PERSONS INSURED" the policy states in the section for "Comprehensive Automobile Liability Insurance":

"Each of the following is an *insured* under this insurance to the extent set forth below:

"(a) the *named insured;*

\* \* \* \* \*

"(c) any other person while using an *owned automobile* or a *hired automobile* with the permission of the *named insured,* provided his actual operation or (if he is not operating) his other actual use thereof is within the scope of such permission \* \* \*" (Emphasis in the policy)

In order for plaintiff to recover against Phoenix, he must prove that Papillion, the alleged tort feasor, was a permissive user of the truck involved in the accident. If Papillion was *not* a permissive user or omnibus insured, Phoenix, provided him no coverage and the action against Phoenix would fail. Assuming—as plaintiff must—that Papillion was a permissive user, he was a "person insured' under the above-quoted provision of the Phoenix policy.

The policy further provides in its Definitions as follows:

" *'insured'* means any person or organization qualifying as an insured in the 'Persons Insured' provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability."

Under this Definition, Papillion again is classified as an "insured" under the policy to whom the coverage applies. Thus, when the 1964 amendment to the Diversity Statute provides that the insurer "shall be deemed a citizen of the State of which the *insured* is a citizen", we must conclude that Phoenix was a citizen of Papillion's state of residence. That it was also a citizen of Louisiana, the state of incorporation of Export Cartage, as well as of the state of its own incorporation, Connecticut, is of no moment for a corporation may be a citizen of more than one state for diversity purposes.

The jurisprudence of Louisiana is that an omnibus insured is an insured for all purposes of coverage and that there is no difference between the named insured and the omnibus insured in delineating the extent of coverage. In Pullen v. Employers' Liability Assurance Corporation, 230 La. 867, 89 So.2d 373 (1956), the Supreme Court of Louisiana stated:

"The omnibus clause states with unmistakable certainty that 'the unqualified word "insured" includes the named insured', but it also states with equal certainty that it *includes* the omnibus or additional insured. *Thus, the word 'insured' relates not only to the named insured, but also to the omnibus insured.* Indeed, it can be said to cover, comprehend, include and refer to every character of insured covered or intended to be covered by the policy, whether the named insured, the omnibus insured, the additional insured, or any other insured." (Emphasis added)

We conclude as a matter of law that the word "insured" as it is used in the amended 28 U.S.C.A. § 1332(c) should have the same meaning that the policy and the jurisprudence of Louisiana give it, i. e., it includes not only the named insured but also the omnibus insured, such as Papillion.

In Government Employees Insurance Company v. LeBleu, 272 F.Supp. 421 (D. C.La.1967), Judge Heebe described the purpose of the 1964 amendment to 28 U.S.C.A. 1332 as follows:

" * * * The avowed and obvious purpose of the Congressional amendment was and is to deny resort to the federal judicial system by plaintiffs in two states in which the peculiar device of 'direct action' statutes had resulted in an ever-increasing flood of litigation against insurance companies against which injured parties traditionally had no recourse directly. The sole net effect of the fiction erected by the amendment is not an enlargement but a restriction of the availability of federal jurisdiction for such cases. * * * "

On reflection we are convinced that the Western District of Louisiana was an "incompetent jurisdiction" as to both Phoenix and Papillion. Thus no person over whom this Court had jurisdiction was made a party to the suit until February 17, 1970.

### Rule 15(c)

Plaintiff contends that:

"The Court erred in failing to apply Rule 15(c) which provides that the amendment filed by plaintiff on February 17, 1970, related back to the original pleading."

This Rule as amended in 1966 states:

"RULE 15. AMENDED AND SUPPLEMENTAL PLEADINGS

"(c) *Relation Back of Amendments.* Whenever the claim or defense as-

serted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and

(2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him"[1]

The 1966 amendment to Rule 15(c) relates to an amendment *"changing* the party against whom a claim is asserted." The phrase "changing the party against whom a claim is asserted" is in line with the purpose of the amendment which is to permit "relation back" of an amendment which corrects a "misnomer" or "misdescription" of the defendant. In the instant case, however, plaintiff is not attempting to *change* the party against whom the claim is asserted.

In King v. Udall, 266 F.Supp. 747 (D.C.D.C.1967) Judge Holtzoff pointed out that the 1966 amendment to the rule

by its terms applies only to the case in which the party is changed by the amendment, saying:

"Rule 15 of the Federal Rules of Civil Procedure as recently amended, which deals with amendments of pleadings, does not aid the plaintiffs. Subsection (c) of the Rule concerns relation back of amendments. It is limited to amendments changing the party against whom a complaint was served. It does not apply to additional parties."

Judge Godbold in Longbottom v. Swaby, 397 F.2d 45, 48 (5th Cir., 1968) said:

"As to identity of parties plaintiff, Rule 15(c) does not apply to an amendment which substitutes a new party or parties. But amendment in the description of the party plaintiff, and relation back, is allowed after limitations have run if what is involved is mere change in the description of the capacity in which plaintiff sues. * * Change in description of the capacity of the plaintiff after the limitation period has expired has been allowed in a variety of situations. (Citing many examples) * * * "

Williams v. United States, 405 F.2d 234 (5th Cir., 1968) does not alter the principle that Rule 15(c) applies only to the case in which the party plaintiff or defendant is changed and does not

---

[1] The correct interpretation of the phrase "within the period provided by law for commencing the action against him" is that the "notice" and "knowledge" must be given within such period, and not that the amendment must be filed.

The Court in Monarch Industrial Corp. v. American Motorists Insurance Co., 276 F.Supp. 972 (D.C.N.Y.1967) was in error in stating that it is the motion to add or change parties which must be made within the period of limitations under the 1966 amendment to Rule 15(c). On this point Professor Moore states (Vol. 3, Sec. 15.15, Pocket Part, p. 96):

"This is, of course, a misstatement of the rule. It is (1) notice and (2) knowledge of the fact that but for mis-

take in identity of the proper party, the party proposed to be added would have been made a party, that must take place within the statute, not the motion to amend."

In the instant case Phoenix and Export Cartage do not contend that plaintiff's action against Export Cartage must fail because the *amendment* adding Export Cartage was not filed within the prescriptive period. The basic reason why Export Cartage must be dismissed from the action is that plaintiff's claim is prescribed, service having been made on Phoenix more than a year after the accident. The original action must, of course, have been timely; otherwise, a relation back would be meaningless.

apply to the case of a new or additional party. There, Judge Brown said:

"Notwithstanding this apparent liberality of approach, the rule is generally stated to be that relation back will not apply to an amendment that substitutes or adds a new party for those named initially in the earlier timely pleadings. E. g., Longbottom v. Swaby, 5 Cir., 1968, 397 F.2d 45. The reasoning apparently is that such an addition amounts to the assertion of a "new cause of action," and if an amendment were allowed to relate back in that situation, the purpose of the statute of limitations would be defeated. 3 Moore, Federal Practice, ¶ 15.15 [4.–1], and cases cited therein."

■ Here, there is no misnomer or misdescription about the defendants when plaintiff first brought suit. In the original action plaintiff named as defendants "Joseph Papillion and The Phoenix of Hartford Insurance Company." In his amendment of February 17, 1970, plaintiff attempts to name an entirely different party, Export Cartage, Inc., as a defendant. Rule 15(c) does not countenance "relation back" when a party is added to a lawsuit.

Moore's Federal Practice, Second Edition, Volume 3, Sec. 15.15, pp. 1019, et seq. after relating that some federal courts hold that state law governs in determining whether an amendment would be allowed to relate back while others have considered the matter as procedural only and not within *Erie*, states:

"In cases involving non-federal matters the federal court must apply whatever time period would be applicable to a like action, whether at law or in equity, in the courts of the state where the district court is held. And in Ragan v. Merchants Transfer & Warehouse Co. the Court held that if the statute of limitations is geared to service of process then the mere commencement of an action in the federal court by filing a complaint does not toll the state statute. The Court also declared that a state cause of action 'accrues and comes to an end when local law so declares.' "

Professor Moore then points out that the better rule is that the matter of "relation back" is one of federal practice under Rule 15(c) and not one that is governed by state law. Moore is firm in pointing out that Rule 15(c) under no circumstances can be interpreted to allow an amendment to add a new defendant with relation back to the original filing when this would deny the effect of a limitations statute. He states:

"Similar considerations apply even when an amendment has the effect of joining a new party defendant to the proceedings, since such joinder will not be subject to relation back unless there is a sufficient identity of interest between the new and old parties so as to ensure that the new party has had adequate notice, and the resulting protection which the statute of limitation was designed to provide.

"Nothing in *Ragan* compels a contrary result. There the question was whether the filing of a complaint, which commences an action under Federal Rule 3, was the equivalent of service thereof, which was necessary to toll the state statute of limitations in the state court. Since the state law, in effect, required actual notice of the commencement of the suit (except in the limited circumstances in which constructive service or service by publication might have been authorized), the mere filing with the federal court of a complaint was not an adequate substitute for this requirement. In cases involving relation back under Rule 15(c), the party against whom amendment is sought has already been apprised of the nature of the claim against him."

This, above all, is conclusive: This Court had no jurisdiction of the original action against either Papillion or Phoenix. The action against Phoenix is prescribed. There is nothing for plaintiff to relate back to. Under any interpreta-

tion of Rule 15(c) a prerequisite is that the original action was timely filed and is presently viable.

The motion for a new trial or rehearing should be denied. It is.