**Raul REYNA d/b/a Reyna Fastax, Plaintiff,**

v.

**FLASHTAX, INC., Defendant.**

**Civ. A. No. L–94–138.**

United States District Court,
S.D. Texas,
Laredo Division.

April 27, 1995.

H. Jack Pytel, Jr., San Antonio, TX, for plaintiff.

Michael B. Clark, Pape Murray McClenahan & Sparr, San Antonio, TX, Edward R. Finck, Jr., San Antonio, TX, and Douglas N. Campbell, Atlanta, GA, for defendant.

### MEMORANDUM AND ORDER

KAZEN, District Judge.

Pending is Defendant Flashtax, Inc.'s motion for reconsideration of the Court's March 1, 1995 order. That order granted Plaintiff's motion for leave to file a second amended complaint and denied Defendant's motion to dismiss as moot.

Defendant had moved to dismiss Plaintiff's complaint on the ground that Plaintiff Reyna Fastax Service, Inc., was not actually incorporated. Thus, it did not legally exist and could not sue and be sued. Plaintiff respond-

ed by filing a motion for leave to amend its complaint to reflect that the plaintiff was Raul Reyna d/b/a Reyna Fastax Service, not Reyna Fastax Service, Inc. Plaintiff explained that Reyna Fastax Service was a trade name, which was on file in the Bexar County Clerk's Office. Defendant did not file a response to Plaintiff's motion. The Court granted Plaintiff's motion, concluding: (1) that the error was the result of a misnomer; and (2) that Defendant would not be prejudiced.

Defendant now urges the Court to reconsider its ruling. It argues that the second amended complaint did not merely correct a misnomer, but rather substituted an entirely new party to the action. Defendant maintains that this is significant because under the Texas Deceptive Trade Practices Act an individual, unlike a corporation, may seek damages for mental anguish, pain and suffering, and medical expenses. Thus, Defendant claims prejudice because its liability may now be greater than under the previous complaint. Defendant also complains that the Court allowed the second amended complaint to relate back to Plaintiff's January 28, 1994 original petition, allegedly depriving Defendant of the limitations defense it would have otherwise been able to assert against Plaintiff's DTPA claim. Defendant's arguments are unpersuasive.

### 1. *Amendment under Fed.R.Civ.P. 15(a).*

Fed.R.Civ.P. 15(a) mandates that leave to amend a pleading "shall be freely given where justice so requires." The Court may consider many factors, such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed," and "undue prejudice to the opposing party by virtue of allowance of the amendment." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Here Defendant's sole complaint is that it was unduly prejudiced by the amendment.

■ The second amended complaint alleged the same facts and causes of action as the previous state petitions, and Defendant has had notice since the inception of the lawsuit that the plaintiff was Reyna Fastax Service, which is partly owned and operated by Raul Reyna. Whether Reyna Fastax Service is a corporation or a trade name matters little at this early stage of the case. Discovery has just begun, and a trial date has yet to be set. Defendant cannot and does not claim that the substitution of the Plaintiff takes it by surprise or works a hardship on it in terms of conducting discovery or otherwise preparing for trial.

■ That Plaintiff might now be able to recover damages under his DTPA claim for mental anguish does not constitute prejudice in this case. The original state-court petition put Defendant on notice that Plaintiff Reyna alleged mental anguish. Moreover, since a party may amend its complaint to add new claims or theories of liability, *e.g., Bamm, Inc. v. GAF Corp.,* 651 F.2d 389, 391 (5th Cir.1981); *Ward Electronics Serv., Inc. v. First Commercial Bank,* 819 F.2d 496, 497 (4th Cir.1987), it seems incongruous to deny Plaintiff an opportunity to correct the defect in his complaint merely because it might entitle him to greater damages. *See Yorden v. Flaste,* 374 F.Supp. 516, 521 (D.Del.1974) (stating that defendant is not prejudiced even though change of plaintiff would increase measure of damages); *WXON–TV, Inc. v. A.C. Nielsen Co.,* 742 F.Supp. 418, 420–21 (E.D.Mich.1990) (holding that television station's failure to claim liquidated damages under its contract with television ratings service did not preclude it from later amending its complaint to claim such relief).

■ Indeed, Rule 15(a) also requires the Court to examine whether the movant would be prejudiced by denial of leave to amend. *E.g., Henderson v. U.S. Fidelity & Guar. Co.,* 620 F.2d 530, 534 (5th Cir.1980). Because the original plaintiff, Reyna Fastax Service, Inc., does not exist, and therefore cannot sue and be sued, denial of leave to amend would effectively end the case without ever reaching the merits of Plaintiff's claims. Rule 15(a) reinforces one of the basic policies of the federal rules—that pleadings are not an end in themselves but are only a means to assist in the presentation of a case on the merits. *Foman,* 371 U.S. at 182, 83 S.Ct. at 230. In light of this policy, it would be

unduly harsh to deny Plaintiff leave to amend.

■ Finally, Defendant failed to respond in writing to Plaintiff's motion for leave as required by Local Rule 6.E., which states that a "failure to respond will be taken as a representation of no opposition." That Defendant apparently expressed oral opposition to the Magistrate Judge during the Biden hearing is of little consequence. Under the local rule, the response "[m]ust be written; [m]ust include or be accompanied by authority; and [m]ust be accompanied by a separate form order denying the relief sought." Local Rule 6.E.2–4.

*2. Relation Back Under Rule 15(c).*

Contrary to Defendant's assertion, the Court's previous order did not address the question of whether the second amended complaint relates back under Fed.R.Civ.P. 15(c). Now that this issue has been briefed by the parties, however, it is ripe for consideration.

Defendant cites *Longbottom v. Swaby,* 397 F.2d 45, 48 (5th Cir.1968) for the proposition that Rule 15(c) does not apply to an amendment which substitutes a new party. The *Longbottom* opinion, however, actually endorsed a liberal interpretation of Rule 15, allowing relation back if the amended complaint arose out of the same conduct, transaction, or occurrence set forth in the original pleadings and if there was merely a "change in the description of the capacity in which plaintiff sues." 397 F.2d at 48.

■ Later, in *Williams v. United States,* 405 F.2d 234 (5th Cir.1968), the court again rejected an inflexible rule that relation back cannot apply when a new party is added. Instead the Fifth Circuit recognized that re-

lation back "is often allowed if the new and the former parties have such an identity of interest that permitting the new party to enter would not be prejudicial." 405 F.2d at 237. In this case, the old and new pleadings are identical except that the new pleading correctly describes Reyna Fastax Service as a trade name instead of as a corporation.

■ The language of Rule 15(c)(3) is also instructive. That provision was amended in 1966 to specify in greater detail when an amended pleading relates back. While the express language of that provision deals only with defendants, the Advisory Committee Note indicates that "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." [1]

In light of the 1966 amendment and its accompanying Advisory Committee Note, the courts have read Rule 15(c)(3) to permit amendments changing parties plaintiff to relate back, *Allied Int'l, Inc. v. International Longshoremen's Ass'n,* 814 F.2d 32, 36 (1st Cir.1987); *Raynor Bros. v. American Cyanimid Co.,* 695 F.2d 382, 385 (9th Cir.1982); *Besig v. Dolphin Boating & Swimming Club,* 683 F.2d 1271, 1278 (9th Cir.1982); *Staren v. American Nat'l Bank & Trust Co.,* 529 F.2d 1257, 1263 (7th Cir.1976), provided three requirements are met. "[T]he amended complaint must arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading; there must be a sufficient identity of interest between the new plaintiff, the old plaintiff, and their respective claims so that the defendants can be said to have been given fair notice of the latecomer's claim against them; and undue prejudice must be absent." *Allied Int'l, Inc.,* 814 F.2d at 36.

1. It might appear at first blush that Rule 15(c)(3) is inapplicable here. The amendment does not technically change parties, as Reyna Fastax Service, Inc., the original plaintiff, never existed. Rather, the amendment is aimed at correcting a misnomer. Prior to 1966, the distinction between the correction of a misnomer and a change of parties was significant. The former could relate back; the latter could not. However, this distinction became irrelevant after the 1966 amendments. The Fifth Circuit has taken seriously the language in the Advisory Committee

note stating that "Rule 15(c) is amplified to state more clearly when an amendment of a pleading changing the party against whom a claim is asserted (*including an amendment to correct a misnomer or misdescription of a defendant* ) shall relate back to the date of the original pleading." (emphasis added). Thus, for purposes of the "relation back" doctrine, a correction of a misnomer is treated as a change of parties. *Shelley v. Bayou Metals,* 561 F.2d 1209, 1210 (5th Cir. 1977); *Montalvo v. Tower Life Bldg. & Tower Life Ins. Co.,* 426 F.2d 1135, 1146–47 (5th Cir.1970).

Plaintiff meets each of these requirements. The amended complaint obviously "arises out of the conduct, transaction, or occurrence" set forth in the original pleading. There is also the "identity of interest" required. Finally, as noted above, defendant will not suffer any prejudice. In that connection, it should be noted that this is not a case where an individual plaintiff is being substituted for an existing corporation, or where a legitimate corporation was dissolved into an individual proprietorship in order to create a new damage claim. On the contrary, this is a case where an alleged corporation apparently never existed and the amended pleading simply corrects that mistake. Because the corporation never existed, it never had *any* cause of action, regardless of the type of damages allowable. At the same time, Defendant was on notice from the outset that the entity known as "Reyna Fastax Service," owned by Raul Reyna, was attempting to claim both economic and emotional damages. To allow a correction in the mistaken designation of the nature of the entity has not caused Defendant any legal prejudice as that term is generally understood.

Accordingly, the Court holds that the second amended complaint relates back to Plaintiff's original state-court petition. Defendants motion for reconsideration is DENIED.

Finally, the Court notes that the caption of Plaintiff's second amended complaint retains the name Reyna Fastax Service, Inc. even though the body of the complaint refers to Plaintiff as Raul Reyna d/b/a Reyna Fastax Service. The most recent briefs by both sides also carry the old caption. The parties are DIRECTED to correct the caption in future submissions to the Court.