**Mary D. CHESSER, as Administratrix of the Estate of John L. Chesser, Deceased, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 24270.**

United States Court of Appeals
Fifth Circuit.

Dec. 19, 1967.

**120**

Harry D. Raymon, Tuskegee, Ala., Jack Crenshaw, Crenshaw & Waller, Montgomery, Ala., Russell, Raymon & Russell, Tuskegee, Ala., for appellant.

Ben Hardeman, U. S. Atty., Jack B. Patterson, Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before RIVES, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

In an action under the Federal Tort Claims Act[1] for the wrongful death of her husband, Mary D. Chesser was awarded $28,000 by the district court sitting without a jury. Mrs. Chesser has appealed from that judgment, claiming that it is inadequate in light of the evidence.

The district court correctly stated that the measure of recovery should be "equivalent to actual compensation for the deprivation of the reasonable expectation of pecuniary benefits that would have inured to * * * Mary D. Chesser from the continued life as under the evidence could be expected of her husband, John L. Chesser." See Hoyt v. United States, 5 Cir. 1961, 286 F.2d 356.

On a review of the adequacy of the trial judge's award, we may reverse where the amount awarded is so inadequate as to be clearly erroneous. Henderson v. United States, 5 Cir. 1964, 328 F.2d 502; Simpson v. United States, 5 Cir. 1963, 322 F.2d 688; National Airlines, Inc. v. Stiles, 5 Cir. 1959, 268 F.2d 400; Sanders v. Leech, 5 Cir. 1946, 158 F.2d 486.

Evidence before the district court showed that Chesser was a carpenter whose earning capacity had been impaired by alcoholism and a military service-connected mental disability. When he worked, he had been capable of earning four dollars per hour, on the wage scale prevalent at the time of his death. He received a monthly disability award of $165 from the Veterans Administration. Mrs. Chesser received support from a portion of his wages and, for some months preceding her husband's death, she had received the disability check in her name. A mortality table indicated that an average man of Chesser's age has a life expectancy of twenty-six years.

There was testimony from an economics teacher regarding prospective wage scale raises and cost of living increases. There was further testimony as to Chesser's potential recovery from his alcoholic and mental problems. The court regarded all that testimony as speculative and

I. 28 U.S.C.A. §§ 2671–2680.

of little help. See Mims v. United States, 5 Cir. 1967, 375 F.2d 135, 140.

■■ The district court was not required to explain its method of computing the amount of the award. Robey v. Sun Record Co., 5 Cir. 1957, 242 F.2d 684. Impressed by the disability award, we have referred to a table furnishing information on present money values of discounted monthly payments over periods of years. See Vol. II, Acts of Ala., Reg.Sess.1965, at 1684, et seq. We find that the amount of the judgment is within the range of amounts which may be substantiated by the evidence.

Affirmed.