Allen **WILLIAMS** b/n/f Louise J. Smyre,
Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 25786.

United States Court of Appeals
Fifth Circuit.

Dec. 23, 1968.

For prior opinion see 5 Cir., 352
F.2d 477.

Vincent P. McCauley, Columbus, Ga., for appellant.

Manley F. Brown, Asst. U. S. Atty., Floyd M. Buford, U. S. Atty., Macon, Ga., for appellee.

Before JOHN R. BROWN, Chief Judge, TUTTLE, Circuit Judge, and FISHER, District Judge.

JOHN R. BROWN, Chief Judge:

Another of those cases which rival fabled feline immortality,[1] this FTCA case with its third presentation here is at least a third of the way along. Hopefully—despite our remand for still further proceedings—an acceptable decision will result, to make unnecessary a fourth, or fifth revisit.[2]

The case arises out of injuries sustained by the minor plaintiff, Allen Williams, then 13 years old, from the explosion of an Army M–80 firecracker. In the first appeal this Court reversed the District Court's judgment denying recovery and remanded the case for a finding on the issue of contributory negligence.[3] On remand the District Court, on factual reexamination of the initial trial record, found the minor plaintiff contributorily negligent to an extent denying recovery under Georgia principles. That finding was reversed by this Court in the second appeal.[4] That reversal remanded the case for a determination of full damages and the entry of judgment against the Government. Upon this remand, the case was again submitted to the Judge on the evidential record of the first trial including, of course, medical testimony which of necessity had to predict the extent and duration of future pain, disability, etc. No effort was made to update the data which, by this time in the glacial progress of this litigation, was now nearly five years old. But on submission of the case on this record Allen's mother—Louise J. Smyre, who had long been in the case as next friend—sought leave to amend the complaint to appear as a party plaintiff in her own right for recovery for loss of services as allowed to a parent by Georgia law.

The Government opposed this proffered amendment on the ground that it sought to assert a claim that was then barred by the statute of limitations.[5] The District Court, accepting this argu-

1. See, e. g., Bros., Inc. v. W. E. Grace Mfg. Co., 5 Cir., 1965, 351 F.2d 208, 209 n. 1, cert. denied, 1966, 383 U.S. 936, 86 S.Ct. 1065, 15 L.Ed.2d 852.

2. See Oil Screw Noah's Ark v. Bentley & Felton Corp., 5 Cir., 1963, 322 F.2d 3.

3. Williams b/n/f Smyre v. United States, 5 Cir., 1965, 352 F.2d 477.

4. Williams b/n/f Smyre v. United States, 5 Cir., 1967, 379 F.2d 719.

5. Although the plaintiff's substantive rights in an FTCA case are, of course, dependent on state law, limitations is a matter of federal law. See Mendiola v. United States, 5 Cir., 1968, 401 F.2d 695; Quinton v. United States, 5 Cir., 1962, 304 F. 2d 234 (holding that in an FTCA case, although state law determines *whether* a claim has accrued, federal law governs the determination of *when* the claim accrues for limitations purposes).

ment, refused to allow the amendment, and at the same time awarded damages to Allen in the sum of $12,000. Louise J. Smyre, now in a dual role as appellant, returns to this Court with two more complaints: (1) The trial court's refusal to allow amendment of the complaint to include her claim as parent, and (2) The inadequacy of the amount of damages awarded to Allen, the minor plaintiff. On issue (1) we reverse the District Court. On issue (2) we affirm.

The accident in question took place in July 1963. Clearly if there had never been a suit brought on behalf of the minor plaintiff, and if Mrs. Smyre had first filed suit on her own parental claim in 1967, her claim would have been time-barred.[6] The question for this Court, then, is not so much whether the proffered 1967 amendment should have been permitted, since refusal could not be prejudicial unless the amendment, if filed, was effective. Rather, the question turns into whether the 1967 amendment to the original 1963 complaint should be allowed to "relate back" to 1963, thereby avoiding the effect of limitations. Under the unique facts of this case, we hold that relation back is appropriate.

■ The starting point for our analysis is F.R.Civ.P. 15(c), which deals with the relation back of pleading amendments. The Rule provides essentially that whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth in the original pleading, the amendment will relate back to the date of the original pleading.[7] The doctrine of relation back under Rule 15(c) is liberally applied today in the Federal Courts, especially if no disadvantage will accrue to the opposing party. 1A Barron & Holtzoff, Federal Practice and Procedure § 448 (Wright ed. 1960). Rule 15(c) is "based on the idea that a party who is notified of litigation concerning a given transaction or occurrence is entitled to no more protection from statutes of limitations than one who is informed of the precise legal description of the rights sought to be enforced." 3 Moore, Federal Practice ¶ 15.15[2], at 1021.

■ Of course, we are committed to the proposition that leave to amend should be given freely when justice requires. Longbottom v. Swaby, 5 Cir., 1968, 397 F.2d 45; Lone Star Motor Import, Inc. v. Citroen Cars Corp., 5 Cir., 1961, 288 F.2d 69.

■ Clearly notice is the critical element involved in Rule 15(c) determinations. Cf. Tiller v. Atlantic Coast Line R. R., Co., 1945, 323 U.S. 574, 65 S.Ct. 421, 89 L.Ed. 465; New York Cent.

---

6. The relevant section provides that a tort claim against the United States shall be barred unless action is begun within two years after the claim accrued. 28 U.S. C.A. § 2401(b).

7. The complete text is as follows:
"Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.

The delivery or mailing of process to the United States Attorney, or his designee, or the Attorney General of the United States, or an agency or officer who would have been a proper defendant if named, satisfies the requirement of clauses (1) and (2) hereof with respect to the United States or any agency or officer thereof to be brought into the action as a defendant." F.R.Civ.P. 15 (c).

& H. R. R. Co. v. Kinney, 1922, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294. See generally 1A Barron & Holtzoff, Federal Practice and Procedure § 448 (Wright ed.1960). This Court, too, has previously emphasized this. "The Federal rule on the 'relation back' of amendments to pleadings, as embodied in Federal Rule 15(c), is permissive. As long as the amended complaint refers to the same transaction or occurrence that formed the basis for the original complaint and the defendant was put on notice of the claim by the first complaint, there will be no bar to amendment; even new defendants and new theories of recovery will be allowed." Travelers Ins. Co. v. Brown, 5 Cir., 1964, 338 F.2d 229, 234.

■ Notwithstanding this apparent liberality of approach, the rule is generally stated to be that relation back will not apply to an amendment that substitutes or adds a new party for those named initially in the earlier timely pleadings. E. g., Longbottom v. Swaby, 5 Cir., 1968, 397 F.2d 45. The reasoning apparently is that such an addition amounts to the assertion of a "new cause of action," and if an amendment were allowed to relate back in that situation, the purpose of the statute of limitations would be defeated. 3 Moore, Federal Practice ¶ 15.15[4.-1], and cases cited therein.

Of course the problem, so frequent in the law, comes from the fact that the conclusion in any given case is the announcement merely of a result, not a statement of reasons why. It is the common situation of circular analysis that begs the very question at issue. Thus, the amendment is often allowed if the new and the former parties have such an identity of interest that permitting the new party to enter would not be prejudicial. 3 Moore, Federal Practice ¶ 15.15[4.-1], at 1043-45. But when will it not be prejudicial?—when the identity is such that the adversary had fair notice? And when is that?—when there is an identity of new with old.

Illustrative of this process and result is the recent case of Snoqualmie Tribe of Indians ex rel. Skykomish Tribe of Indians v. United States, 1967, 372 F.2d 951, 178 Ct.Cl. 570. In that case the Snoqualmie Tribe was proecuting an action against the United States based on alleged inequity in a certain treaty with various Indian tribes. The Snoqualmie sought to amend their complaint to include a representative claim on behalf of another tribe, the Skykomish, which is now extinct. The principal issue was whether the amendment would be allowed to relate back to the original petition, thus avoiding the Indian Commission's statute of limitations.[8]

The Court of Claims held that even though the amendment appeared to introduce a "new party and a new cause of action," the amendment would be allowed to relate back. The Court explained its decision in this way. "The general rule, as defendant points out in a review of a spate of cases, is that the rule of relation back does not extend to amendments that add new parties or causes of action. But stating the general rule is not too helpful here, for it simply states a conclusion. Each case must be tested by the 'conduct, transaction, or occurrence' standard to determine whether adequate notice has been given. * * * We think the government and the Commission have taken an unduly narrow view of the notice requirement. First, we note that on our theory of representation there is no new party added by amendment. The Snoqualmie Tribe is the only claimant; it is simply an entity serving in two representative capacities. The government can be charged with notice of this possibility through its authority as administrator of Indian Affairs. Second, although the claim brought by the Snoqualmie organization 'on relation of' the Skykomish Tribe is technically a

8. The case arose under the Indian Commission's Rule 13(c), but that rule was identical to F.R.Civ.P. 15(c). The Court of Claims treated the case as if it were Rule 15(c) that was in fact involved.

different cause of action from that presented originally, it is *sufficiently closely related* to warrant the conclusion that the government received *adequate notice of the possibility that it might have to defend against a broader claim.*

This makes particularly good sense in light of the fact that if the government's conduct was unconscionable or if the dealings were other than fair and honorable, the wrong affected all Treaty participants. Only the proof on tribal boundaries would be different, and here the government has not been prejudiced in any way by appellant's tardiness in clarifying its position. We are not saying the present issue of relation back is open-and-shut. There is much in the government's argument, and we would have greater difficulty allowing the amendment if we though it was brought by an *entirely unrelated party* even though it arose out of the same transaction. Thus, we have taken some care to explain the mechanics of our approach which focuses primarily on an analysis of the standing of the claimant and the question of notice. We allow the amendment here because the government was put on notice in 1951 of the possibility that the Snoqualmie organization might expand the scope of its claim." 372 F.2d at 961 (emphasis added). Cf. Newman v. Freeman, E.D.Pa., 1966, 262 F.Supp. 106.

In determining whether the adversary has had fair notice, the usual emphasis of "conduct, transaction or occurrence" is on the operational facts which give rise to a claim by the particular party based on any one or all of the theories conjured up, whether timely or belatedly. But when it comes to a late effort to introduce a new party, something else is added. Not only must the adversary have had notice about the operational facts, but it must have had fair notice that a legal claim existed in and was in effect being asserted by, the party belatedly brought in. This becomes of special importance in situations in which a common set of operational facts gives rise to distinct claims (or defenses) among distinct claimants (or defendants). A ready illustration is a personal injury resulting later in death with (a) the individual's claim for lifetime pain, suffering and loss of earnings, etc. (b) the survival of (a) to his personal representative and (c) the pecuniary loss sustained by the decedent's dependents because of his death.[9]

■ It is here that F.R.Civ.P. 54(c)[10] may cut a big figure. Once an answer is filed relief depends not on the matters within the precise issues of the pleadings from a technical standpoint, but by the evidence actually received. See Burton v. State Farm Mut. Auto. Ins. Co., 5 Cir., 1964, 335 F.2d 317; South Falls Corp. v. Rochelle, 5 Cir., 1964, 329 F.2d 611. That, in turn, brings into play the usual notice pleading concept of F.R.Civ.P. 8 and 12(b) (6).[11]

When these are matched against this record it is plain that the government had

9. See Missouri, K., & T. Ry. Co. v. Wulf, 1913, 226 U.S. 570, 33 S.Ct. 135, 57 L. Ed. 355, in which the Court held that the amendment of a complaint in an action by a sole surviving parent in her individual capacity to recover for the death of her son, without stating new facts, setting up her right to sue under the FELA as personal representative, was not equivalent to the commencement of a new action that would be barred by limitations.

This Court, too, has recently noted that change in description of the capacity of the plaintiff has been allowed in a variety of situations even after limitations has run. See Longbottom v. Swaby, 5 Cir., 1968, 397 F.2d 45, and cases cited therein.

10. The rule provides:
"Demand for Judgment. A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings. F. R.Civ.P. 54(c).

11. See Barber v. Motor Vessel "Blue Cat", 5 Cir., 1967, 372 F.2d 626.

fair notice. First, the occurrence as an operational set of facts was stated fully (and subsequently proved). Next, the complaint, read with required liberality, (see note 11 supra) clearly revealed the existence of (a) a minor (b) the mother as parent and (c) the assertion by her of a claim. Since liability to the minor would give rise to a liability to the parent [12] under local law, and since the circumstances of these individuals was such as would reasonably indicate a likelihood that the parent would incur losses of a recoverable kind, the Government was put on notice that the parent's claim was also involved.[13]

■ Once that conclusion is reached the Government has suffered no prejudice. True, it must now defend a claim which—from the mere passage of time—it might have thought was barred, and to this extent it has "lost" something it thought it had. But neither limitations nor laches, see Point Landing, Inc. v. Alabama Dry Dock & Shipbuilding Co., 5 Cir., 1958, 261 F.2d 861, affords such an automatic insulation in so mechanical a way. The amendment should have been allowed.

■ As to the second issue, the adequacy of damages on the boy's claim, we affirm the Trial Court's decision. Counsel's effort to present to us a detailed treatment of the medical evidence and other factors demonstrating the inadequacy of the award again misconceives our role. We are not fact finders. Our review in FTCA cases as to findings of fact, including damages, is limited to the "clearly erroneous" standard, F.R.Civ.P. 52(a). E. g., Chesser v. United States, 5 Cir., 1967, 387 F.2d 119, 121; Henderson v. United States, 5 Cir., 1964, 328 F.2d 502. Thus, while we might differ with the District Court regarding the amount of the award in this case, we cannot say that under the evidence it was "clearly erroneous."

We conclude, therefore, that this case must be remanded once again, hopefully for the last time, for a retrial limited in scope. The issues will encompass only Mrs. Smyre's claim as parent for the loss of services of her son, and any defenses peculiar to her, such as her own contributory negligence. We emphasize that the rest of the case has been decided on the issues of the government's duty, the breach thereof, the proximate cause of the injury and negligence of the minor, and that there is to be no relitigation of the various matters related to the claim of the minor plaintiff.

Affirmed in part; reversed in part.

---

12. *Liability might be defeated, of course,* by contributory negligence.

13. We need not here determine whether the result might have been different if the next friend for Allen had been a non-

related person, such as a corporate fiduciary, so that the suit did not reveal the existence of a parent and the assertion of some claim by that parent.