This case is before the court on defendant’s substitute motion to dismiss plaintiffs’ first amended petition. After careful consideration of the parties’ submissions and without oral argument, we deny the defendant’s motion.
On November 13, 1979, Humana, Inc., d/b/a/ Doctors Hospital, filed a petition with this court alleging that the Secretary of Health, Education and Welfare (now the Secretary of Health and Human Services) did not adequately reimburse the plaintiff for its cost of providing health services to Medicare beneficiaries. On February 14, 1980, plaintiffs filed this first amended petition in which 36 additional plaintiffs were added. The allegations in the first amended petition are similar to those in the original petition. Defendant had not yet answered the original petition when the first amended petition was filed.
Defendant sought dismissal of the first amended petition on two grounds: failure to indicate the manner in which the plaintiffs have attempted to exhaust their administrative remedies; and improper inclusion of 36 additional plaintiffs in violation of Rule 64. Since the defendant no longer challenges the first amended petition on the first ground, we will not consider that question.
As to the second ground, the defendant initially argued that the addition of plaintiffs required an order from this *1012 court, pursuant to Rule 64. Plaintiffs, however, argue that they have a right to amend the original petition, without leave of court, before the defendant answers, pursuant to Rule 39(a). In its subsequent brief, filed July 12, 1982, the defendant has apparently abandoned its challenge to the question of whether Rule 64 has precedence over Rule 39(a) or not. Accordingly, we also will not deal with this question.
The defendant continues to argue that the 36 additional plaintiffs should not enjoy the benefit of the original petition’s filing date, pursuant to Rule 39(c). Rule 39(c) of this court states:
(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading.
This court has stated that relation back is appropriate where the amended pleading relates to the same conduct, transaction, or occurrence set forth in the original pleading. The rationale for this rule is that the opposite party had received timely notice of the claim asserted against him. Snoqualmie Tribe of Indians v. United States, 178 Ct. Cl. 570, 588, 372 F.2d 951, 961 (1967); United States v. Northern Paiute Nation, 183 Ct. Cl. 321, 327-332, 393 F.2d 786, 789-792 (1968); Cross Construction Co. v. United States, 225 Ct.Cl. 616 (1980). Accord, Williams v. United States, 405 F.2d 234, 237-238 (5th Cir. 1968). But see, Custer v. United States, 224 Ct. Cl. 140, 155, 622 F.2d 554, 563, cert. denied 449 U.S. 1010 (1980).
The defendant in this case had similarly received full and timely notice since the 36 additional plaintiffs were operated and owned, either directly or through subsidiary corporations, by plaintiff Humana, or by a company to which Humana is the legal successor in interest. Further, the defendant is not prejudiced by the amendment because the amended claims are not new or different, but rather virtually identical to the original claims.
it is therefore ordered that defendant’s motion to dismiss be and is hereby denied.