Whittaker **PAPPION**, et al.,

v.

**DOW CHEMICAL COMPANY**, et al.

Civ. A. No. 83–2034.

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Feb. 21, 1986.

Provost, Umphrey, Swearingen & Eddins, Kurt B. Chacon and Herschel Hobson, Port Authur, Tex., for plaintiffs.

---

Strong, Pipkin, Nelson & Bissell, David W. Ledyard, Beaumont, Tex., for Union Carbide Corp. and The Goodyear Tire & Rubber Co.

Stockwell, Stevert, Viccellio, Clements & Shaddock, Robert W. Clements, Lake Charles, La., for Shell Oil Co., Texaco, Inc., Cities Service Co., Sun Oil Co., Mobil Oil Corp., BP Oil, Inc. and Exxon Co. U.S.A.

Brame, Bergstedt & Brame, John E. Bergstedt, Lake Charles, La., for Monsanto Co.

Woodley, Barnett, Cox, Williams, Fenet & Palmer, Edmund E. Woodley, Lake Charles, La., for Cypress Indus. Minerals Co., incorrectly named as Cypress Ind., Inc.

Wyckoff, Russel, Dunn & Frazier, Jerry Kacal, Houston, Tex., for The Dow Chemical Co.

Milling, Benson, Woodward, Hillyer & Pierson, Joseph E. LeBlanc, Jr., New Orleans, La., for B.F. Goodrich Co.

Scofield, Bergstedt, Gerard, Mount & Vernon, Thomas M. Bergstedt, John R. Pohorelsky, Lake Charles, La., for Dresser Industries.

Chaffe, McCall, Phillips, Toler & Sarpy, L. Harvard Scott, III, Harry McCall, Jr., New Orleans, La., John R. Bowman, Legal Dept., E.I. DuPont de Nemours, Wilmington, Del., for E.I. DuPont de Nemours and Co.

Mehaffy, Weber, Keith & Gonsoulin, Arthur R. Almquist, Beaumont, Tex., for Uniroyal, Inc.

Weller, Wheelus & Green, George A. Weller, Beaumont, Tex., Michael S. O'Brien, Lafayette, La., for Ribelin Sales, Inc.

Rienstra, Rienstra & Dowell, Dale Dowell, Beaumont, Tex., for Mallinckrodt, Inc.

Sewell & Riggs, Robert Scott, Houston, Tex., for Penwalt Corp.

Raggio, Cappel, Chozen & Berniard, Frederick L. Cappel, Lake Charles, La., for The Milwhite Co., Inc.

Mouton & Roy, John A. Bivins, Lafayette, La., for Whittaker, Clark & Daniels, Inc.

Plauche, Smith & Nieset, James R. Nieset, Lake Charles, La., for Nalco Chemical Co.

W.F. Bliss, Jr., Chemical Solutions Corp., Alvin Tex., for Chemical Solutions Corp.

Preis, Kraft, Laborde & Daigle, Gregory J. Laborde and Christopher R. Philipp, Lafayette, La., for Vinings Chemical Co.

Allen, Gooch, Bourgeois, Breaux & Robison, St. Paul Bourgeois, Lafayette, La., for Alco Standard Corp. and Alco Chemical Corp.

Baggett, McCall & Ranier, Drew Ranier, Lake Charles, La., for plaintiff Maurine Ann Pappion.

Brinkhaus, Dauzat, Falgoust & Caviness, Jimmy L. Dauzat, Opelousas, La., for Thompson-Hayward Chemical Co.

Camp, Carmouche, Barsh, Hunter, Gray, Hoffman & Gill, Randy J. Fuerst, Lake Charles, La., for Americhem, Inc.

Mathews & Atkinson, Daniel R. Atkinson and Richard Creed, Jr., Baton Rouge, La., for R.T. Vanderbilt Co., Inc. and Ferro Corp.

Walter Conrad, Houston, Tex., for BP Oil, Mobil Oil, Shell Oil, Sun Refining, Cities Service Co., Phillips Chemical Co. and Phillips Petroleum.

## RULING

NAUMAN S. SCOTT, District Judge.

This matter is now before us on Motions to Dismiss plaintiff's Fourth and Fifth Amended Complaints. In these motions, defendants seek dismissal of both the survival and wrongful death claims of Maurine Pappion ("plaintiff") and her ten major children. During oral argument on these motions, however, and in a supplemental memorandum filed on October 28, 1985, defendants agree that, for purposes of the motions now before us, we address only the question of whether the wrongful death claim should be dismissed. We therefore deny defendants' motions to dismiss the survival action and treat defendants' Motions to Dismiss plaintiff's Fourth and Fifth Amended Complaints as a Motion to Dismiss the wrongful death claims in those complaints.

Defendants argue that the wrongful death claims are barred by the one-year Louisiana statute of limitations. Plaintiffs acknowledge that the wrongful death claims were filed more than one year after Whittaker Pappion's death, but argue that under Fed.R.Civ.P. 15(c), the claims relate back to the original, timely petition, and therefore the wrongful death claims were timely as well. Alternatively, plaintiffs argue that the Texas two-year statute of limitation applies. For the following reasons, we find that the Texas two-year statute is the applicable limitations period, and Maurine Pappion's wrongful death claim was therefore timely. Because the amendment adding the wrongful death claims of the ten major Pappion children was filed after the two-year limitations period, however, and because Federal Rule 15(c) does not apply, we grant defendants' motion with respect to the Fifth Amended Complaint and dismiss those wrongful death claims.

## FACTUAL BACKGROUND:

In March of 1983, Whittaker Pappion, a Louisiana resident, was diagnosed as having lung cancer. Pappion and his wife, Maurine Pappion, filed their original complaint on June 13, 1983 in the United States District Court for the Eastern District of Texas, alleging that defendants negligently manufactured and/or distributed dangerous chemicals, which caused Pappion's lung cancer injuries when he was exposed to the chemicals at his place of employment in Lake Charles, Louisiana. In the original complaint, they set forth a claim for general and specific damages for Pappion's illness in the name of Whittaker Pappion, and a claim for loss of consortium in the name of Maurine Pappion. Whittaker Pappion died on June 24, 1983. On August 17, 1983, the presiding judge in the Eastern District of Texas signed an order transferring the case under 28 U.S.C. § 1404(a) to the United States District Court for the Western District of Louisiana, on the grounds that the Western District was the more convenient forum. On March 15, 1984, Maurine Pappion filed her First Amended Complaint, which amended complaint added defendants and alleged solidary liability between them. Plaintiff's Second Amended Complaint, filed August 31, 1984, and Third Amended Complaint, filed February 20, 1985, both simply added new defendants, and neither mentioned the fact that Whittaker Pappion had died.

In plaintiff's Fourth Amended Complaint, filed May 31, 1985, more than twenty-three months after Whittaker Pappion's death, Maurine Pappion stated for the first time that Whittaker Pappion had died, and she brought a survival action and a wrongful death action in her behalf. In the Fifth Amended Complaint, filed on August 2, 1985, Maurine Pappion sought to add as plaintiffs her ten major children. The ten additional plaintiffs each claimed a survival action and a wrongful death action in his or her behalf.

## MAURINE PAPPION'S WRONGFUL DEATH CLAIM: WHICH LIMITATIONS PERIOD APPLIES?

■ La.Civ.Code art. 2315(D) sets forth the recovery scheme for survival and wrongful death actions in Louisiana. The statute does not state the period of limitations for a wrongful death action. Rather, the applicable limitations period, one year from the date of death, is set forth in La.Civ.Code art. 3492.[1] Thus, under Louisiana law, one must bring a wrongful death action within one year of the alleged victim's death unless the limitations period is interrupted. *Ayo v. Johns-Manville Sales Corp.*, 771 F.2d 902, 906 (5th Cir.1985). In Texas, a plaintiff has two years from the date of the victim's death in which to bring his or her wrongful death action. Tex.Rev. Civ.Stat.Ann. art. 5526;[2] *Cox v. McDon-*

---

1. La.Civ.Code art. 3492 states, "Delictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained."

2. Tex.Rev.Civ.Stat.Ann. art. 5526 states in pertinent part as follows:

"There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

\*    \*    \*    \*    \*    \*

*nell-Douglas Corp.,* 665 F.2d 566, 568 (5th Cir.1982). Thus, because Maurine Pappion brought her wrongful death action more than one year, but less than two years, after her husband's death, we must carefully determine which limitations period applies.

We have ruled previously that when the Texas court transferred this proceeding to this Louisiana federal district court under 28 U.S.C. § 1404(a), the transferee court should apply the Texas choice of law, *Van Dusen v. Barrack,* 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964), and that under that law Texas would apply in this case the substantive law of Louisiana and the procedural law of Texas. *Pappion v. Dow Chemical Co.,* 594 F.Supp. 428 (W.D.La. 1984). This claim was brought pursuant to substantive law of Louisiana under La.Civ. Code art. 2315, but this article does not contain any wrongful death period of prescription or limitation. The applicable prescriptive period for wrongful death in Louisiana is the general one-year prescription rule for delictual actions under La.Civ.Code art. 3492. (Although article 3492 became effective on January 1, 1984, the comparable prior statute was article 3536 and the enactment of the new article did not change the law. *Ayo v. Johns-Manville Sales Corp.,* 771 F.2d 902 (5th Cir.1985)). We find that Texas considers its two-year statute of limitations to be procedural in nature. *Cox v. McDonnell-Douglas Corp.,* 665 F.2d 566 (5th Cir.1982). It is also well settled that La.Civ.Code art. 3492 (and its predecessor, La.Civ.Code art. 3536), establishing Louisiana's one-year prescriptive period on actions in tort, is procedural in nature. *Wright v. Fireman's Fund Ins. Co.,* 522 F.2d 1376 (5th Cir.1975), *reh'g denied,* 526 F.2d 1407 (5th Cir.1976); *Sewerage & Water Board of New Orleans v. Sanders,* 264 So.2d 270 (La.App. 4th Cir.), *writ denied,* 266 So.2d 473 (La.1972).

We therefore conclude that we must apply the two-year statute of limitations of Texas, and plaintiff's Fourth Amended Complaint, in which she asserted her own wrongful death claim, was timely and we therefore deny defendants' Motion to Dismiss that complaint.

## THE WRONGFUL DEATH CLAIMS OF THE TEN MAJOR PAPPION CHILDREN:

Plaintiff's Fifth Amended Complaint, which attempts to add wrongful death and survival claims of the Pappions' ten major children, was filed more than two years after Whittaker Pappion's death, and therefore beyond the Texas limitations period. Plaintiffs argue, however, that Fed. R.Civ.P. 15(c) applies, and the wrongful death claims in the Fifth Amended Complaint relate back to either the original timely petition filed by Whittaker and Maurine Pappion, or the timely Fourth Amended Complaint, which set forth Maurine Pappion's wrongful death claim, and because the children's wrongful death claims relate back, they are timely. Defendants argue that 15(c) does not control in this case, because state statutes of limitation, not the Federal Rules of Civil Procedure, govern the determination of whether actions are timely. The rule, however, in the Fifth Circuit and other federal circuits, is that in diversity actions in federal court, amendments to pleadings is a procedural matter to be governed by federal law, even if the comparable state law would produce a different result. *See Welch v. Louisiana Power & Light Co.,* 466 F.2d 1344, 1345 (5th Cir.1972); *see also Newman v. Freeman,* 262 F.Supp. 106, 110–12 (E.D.Pa. 1966) (federal district court sitting in diversity must apply Rule 15(c) which would permit joinder of the two claims in question, rather than apply the pertinent Pennsylvania rule, which would disallow joinder of the claims). We therefore look to Federal Rule 15(c) to determine if the wrongful death claims of the ten major children relate back and are therefore timely.

Rule 15(c) states in pertinent part as follows:

5. Action for injury done to the person of another where death ensued from such injury; and the cause of action shall be considered as having accrued at the death of the party injured."

"(c) Relation Back of Amendments. Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him."

Plaintiff relies almost exclusively on *Giroir v. South Louisiana Medical Center, etc.*, 475 So.2d 1040 (La.1985), in arguing that Rule 15(c) allows the wrongful death claims of the ten major Pappion children. In *Giroir*, the Louisiana Supreme Court allowed a widower to amend his original complaint, which had included his own wrongful death claim, to add the wrongful death claims of his two major children, even though the applicable one-year prescriptive period for bringing wrongful death claims had expired three days before he sought the amendment. The court ruled that Louisiana's relation back rule, La.Code Civ.Proc. art. 1153, allowed the untimely amendment because it sufficiently related back to the husband's timely wrongful death claim.

Although the Louisiana court in *Giroir* looked to Federal Rule 15(c) in deciding the case before it, we note that we, in interpreting Rule 15(c), are not bound by the interpretation of the Louisiana court of its own procedural rule. *See Welch*, 466 F.2d at 1345 (amendments to pleadings is a procedural matter to be governed by federal law). Rather, we look to the decisions of other federal circuits, and our own analysis, in ruling on the scope of Rule 15(c).

We hold that Rule 15(c) does not extend to the Fifth Amended Complaint which at-

tempted to add the untimely wrongful death claims of the major Pappion children. The Fifth Circuit decision of *Williams v. United States*, 405 F.2d 234 (5th Cir.1968), although a decision which allowed an amendment adding a new plaintiff, supports our ruling to not allow the untimely wrongful death claims of the children. In *Williams*, a 13-year old boy was injured from the explosion of an Army firecracker, and brought suit against the government. The boy's mother sought leave to amend the complaint, after the applicable period of limitations had run, to appear as party plaintiff in her own right for recovery for loss of services due to her son's injuries. The mother had been in the lawsuit from its inception as next friend of her minor son. The district court refused to allow the amendment because the mother had filed it after the applicable period of limitations had run. The Fifth Circuit reversed, holding that her claim related back to the date of the original pleading under Rule 15(c), and it was therefore timely.

The court in *Williams* said that notice is the critical element in Rule 15(c) determinations. 405 F.2d at 234. When a late amendment attempts to introduce a new party, not only must the adversary have had notice about the operational facts, but it must have had fair notice that a legal claim existed in and was in effect being asserted by the party belatedly brought in. *Id.* at 238. The court said that the defendant in that case had notice not only of the mother's existence, but also had notice that the mother was already involved in the lawsuit. *Id.* at 239. Thus, because the defendant was already on notice both of the mother's existence and her involvement in the action prior to the amendment which added her as a plaintiff, the untimely amendment related back to the date of the original pleading under Rule 15(c).

Unlike the defendant in *Williams*, defendants in the case before us had no notice that any claims of the ten major Pappion children were in any way involved in the lawsuit before the Fifth Amended Complaint which asserted their late wrongful death claims. Indeed, upon thorough ex-

amination of the entire record, we find no mention of the children at all before the Fifth Amended Complaint. Even if defendants did know of the children's existence, they certainly did not know that they were even remotely a part of this action.

As did the Fifth Circuit in *Williams,* the District of Columbia Circuit in *Leachman v. Beech Aircraft Corp.,* 694 F.2d 1301 (D.C.Cir.1983), ruled that in addition to the requirement that the proposed amendment arises out of the same transaction or occurrence of the original pleading, the defendant must also have sufficient notice of both the new plaintiff's existence and his prior involvement in the action before Rule 15(c) would allow an untimely amendment which adds the late plaintiff. In *Leachman,* the plaintiff sued defendant for the wrongful death of the plaintiff's husband in an airplane crash. After the applicable statute of limitations had run, plaintiff sought to amend her complaint to add as plaintiff the corporation which owned the plane, which corporation sought compensation for the plane's value. Plaintiff argued that although filed after the limitations period, the amended complaint adding the new plaintiff related back under Rule 15(c) and was therefore permissible.

The appellate court affirmed the district court's refusal to allow the untimely amendment. The court noted that the crucial policy underlying Rule 15(c) is notice to the party opposing the amendment. 694 F.2d at 1308. Mere notice of the new plaintiff's existence, however, is not sufficient. Rather, the defendant must have notice that the new plaintiff was already somehow involved in the action:

> "The [reason for] the courts' consideration of identity of interest is that that factor ensures that the old and new plaintiffs are sufficiently related so that the new plaintiff was in effect 'involved in [the proceedings] unofficially from an early stage.' [citations omitted]. The touchstone once again [in Rule 15(c) determinations] is whether the defendant

knew or should have known of the existence *and involvement* of the new plaintiff (emphasis added)." 694 F.2d at 1309.

Because the defendant in *Leachman* had no notice either of the existence or prior involvement of the new corporation-plaintiff, the court did not allow it to enter the lawsuit after the statute of limitations had run.

We therefore conclude that Rule 15(c) will not allow a plaintiff to amend his or her complaint to add another prospective plaintiff, whose claim arises out of the same transaction or occurrence of the original pleading and whose claim would otherwise be time-barred, merely because the defendant had prior notice of the additional plaintiff's existence. Rather, the additional plaintiff must have in some manner already been involved in the action, so that the defendant was on notice that it was in effect already defending the action against the new plaintiff who seeks to be added by the late amendment.

Our holding is consistent with the policies and purposes of statutes of limitations. Such statutes serve both to protect defendants from having to litigate claims which may be difficult to disprove because of lost evidence and unavailable witnesses, and also establishes a time at which defendants can stop worrying about prospective claims and can continue in the normal administration of their affairs. *Gates Rubber Co. v. USM Corp.,* 508 F.2d 603, 611 (7th Cir. 1975). Often, a defendant may have notice of the existence of a possible plaintiff or of a possible claim against it. When the applicable period of limitations passes, however, the purpose of the statute of limitations has been served, in that defendant no longer needs to retain evidence and witnesses that may be necessary for its defense, and can devote to more useful purposes the resources that it had been reserving for the defense of the possible claim. The policy for statutes of limitations would be circumvented if a plaintiff is allowed to amend his complaint and add a new plaintiff merely

because the new plaintiff's claim arose from the same transaction or occurrence of the original claim and the defendant was aware that the new plaintiff existed.

Applying our conclusions to this case, we hold that the Fifth Amended Complaint of plaintiff Maurine Pappion, which attempts to add the wrongful death claims of her ten major children, is barred by the applicable two-year Texas statute of limitations, and we ORDER that the wrongful death claims in the Fifth Amended Complaint be DISMISSED.