Joe T. **GONZALES, Plaintiff,**

v.

**DEPARTMENT OF the AIR FORCE, Defendant.**

**Civ. A. No. CA–6–85–27.**

United States District Court, N.D. Texas, San Angelo Division.

May 21, 1986.

See also, D.C., 638 F.Supp. 1323.

---

George A. Gonzales, Abilene, Tex., for plaintiff.

Curtis L. Bentz, Major, USAF, Gen. Litigation Div., Office of the Judge Advocate Gen., Washington, D.C., Marvin Collins, U.S. Atty., Charles Ory, Asst. U.S. Atty., Dallas, Tex., for defendant.

## ORDER

WOODWARD, Chief Judge.

The following motions are pending before the court in this suit:

(1) Defendant's Motion to Dismiss Or In The Alternative For Summary Judgment, and

(2) Plaintiff's Amended Motion For Leave To File Plaintiff's Amended Petition.

Plaintiff filed this suit pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* Plaintiff seeks to recover injunctive relief and compensatory damages from his employer, the defendant, for alleged racial, religious, national origin, and sex discrimination. Plaintiff sues on his own behalf, and for other persons similarly situated pursuant to Federal Rule of Civil Procedure 23(b)(2).

### A. *Defendant's Motion to Dismiss*

Defendant moves to dismiss this suit on two grounds. First, defendant claims that because plaintiff failed to sue the proper party, plaintiff's complaint must be dismissed for failure to state a claim. Fed.R. Civ.P. 12(b)(6). Second, defendant claims that plaintiff's class action complaint must be dismissed because plaintiff failed to exhaust all administrative procedures prior to filing suit under Title VII. In addition, defendant alleges that plaintiff's failure to comply with Local Rules 10.2(a) and (b) of the Northern District of Texas requires dismissal.

In his response, plaintiff states that he only wants to pursue his individual claims against the defendant, not the class actions claim. As a result, plaintiff has moved for leave to file an amended complaint. Therefore, the court will address only defendant's first allegation in the motion to dismiss.

The defendant alleges that dismissal is proper because plaintiff named the Department of the Air Force as the defendant instead of the Secretary of the Air Force (hereafter Secretary), who is the proper party pursuant to 42 U.S.C. § 2000e16(c) (1981). Section 2000e16(c) provides as follows:

(c) *Within thirty days of receipt of notice of final action taken by a department, agency, or unit referred to in subsection (a) of this section, or by the Equal Employment Opportunity Commission upon an appeal from a decision or order of such department, agency,* or unit on a complaint of discrimination based on race, color, religion, sex or national origin, brought pursuant to subsection (a) of this section, Executive Order 11478 or any succeeding Executive

orders, or after one hundred and eighty days from the filing of the initial charge with the department, agency, or unit or with the Equal Employment Opportunity Commission on appeal from a decision or order of such department, agency, or unit until such time as final action may be taken by a department, agency, or unit, *an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.*

42 U.S.C. § 2000e16(c) (1981) (emphasis added).

Defendant argues two bases in support of this allegation. First, defendant correctly states that plaintiff had to file suit within 30 days of receipt of the final decision of the Equal Employment Opportunity Commission (hereafter EEOC), pursuant to § 2000e16(c). Furthermore, it is firmly established in the Fifth Circuit that failure to comply with this requirement deprives this · court of jurisdiction to hear a plaintiff's Title VII complaint. *Eastland v. Tennessee Valley Authority,* 553 F.2d 364 (5th Cir.1977), *cert. denied,* 434 U.S. 985, 98 S.Ct. 611, 54 L.Ed.2d 479 (1977); *Newbold v. United States Postal Service,* 614 F.2d 46 (5th Cir.1980), *cert. denied,* 449 U.S. 878, 101 S.Ct. 225, 66 L.Ed.2d 101 (1980). However, defendant argues that plaintiff's failure to sue the Secretary within the thirty-day period deprives this court of jurisdiction, requiring the court to dismiss plaintiff's complaint.

█ Although defendant is correct that the Fifth Circuit has held that the 30-day requirement of § 2000e16(c) is jurisdictional, the *Eastland* and *Newbold* cases involved different facts from the case at bar. In both cases, the Fifth Circuit ruled that where a plaintiff totally fails to file suit within thirty days, his suit should be dismissed. In this fact situation, the plaintiff did file suit within the thirty-day period. It

is uncontroverted that plaintiff received notice of the EEOC's final decision in mid-March of 1985, and then filed suit on April 12, 1985. In the complaint, plaintiff alleges that notice of the final decision was received on March 20. In defendant's motion to dismiss and plaintiff's responsive brief, the parties state plaintiff received notice on March 15, 1985. Regardless of whether plaintiff received notice on March 15 or March 20, it is uncontroverted that he filed suit within thirty days. [Plaintiff's Complaint, p. 1; Defendant's Memorandum In Support of Defendant's Motion To Dismiss Or In The Alternative For Summary Judgment, p. 3; Plaintiff's responsive brief, p. 1]. Thus, the plaintiff's complaint cannot be dismissed for failure to comply with the thirty-day filing requirement of § 2000e16(c).

Second, defendant argues that plaintiff cannot avoid dismissal of his complaint by amending the complaint to substitute the Secretary as the defendant. Defendant alleges that plaintiff cannot meet the requirements of Federal Rule of Civil Procedure 15(c) so that an amendment, adding the Secretary, will relate back to the date the original complaint was filed. Defendant argues that federal· courts generally require that actual notice must be provided to the added defendant within the statutory period for commencing the action. However, defendant relies primarily upon cases from other circuits for this argument, and not the Fifth Circuit. The Seventh and Ninth Circuits strictly interpret Rule 15(c) to require actual notice in such situations.

The Fifth Circuit is more liberal in its interpretation of Rule 15(c). The court does not require that the added party receive actual notice. *Williams v. United States,* 405 F.2d 234 (5th Cir.1968); *Kirk v. Cronvich,* 629 F.2d 404 (5th Cir.1980).

Furthermore, the Fifth Circuit dealt with a similar situation as the case at bar in *Hendrix v. Memorial Hosp. of Galveston County,* 776 F.2d 1255 (5th Cir.1985). There, plaintiff filed a Title VII action alleging employment discrimination under 42 U.S.C. § 2000e16(c). Five months after

effecting service on the named defendant, plaintiff filed an amended petition naming the proper defendant. There, as here, plaintiff's action against the proper defendant would be barred unless the amendment related back to the date the original complaint was filed. The district court, however, strictly interpreted Rule 15(c) to deny plaintiff this relief.

■ The Fifth Circuit reversed and remanded, finding that "[a]lthough there is considerable support for such a construction of Rule 15(c), it does not lie in this circuit." *Id.*, at 1257. Instead, the court stated that the following rule applied in the Fifth Circuit: .

> The Fifth Circuit permits relation back to the original filing date of the complaint even though it may take a reasonable amount of time after the limitations period to serve process upon the original party defendant.

*Id.* Thus, the fact that the Secretary did not receive actual notice within the thirty-day requirement will not bar plaintiff from amending his complaint. Whether plaintiff may amend will depend on whether the prerequisites of Rule 15(c) have been met.

B. *Plaintiff's Motion to Amend Complaint*

Plaintiff moves the court for leave to file an amended complaint pursuant to Federal Rule of Civil Procedure 15. In order for this amendment to relate back to the date of the original complaint, plaintiff must meet the prerequisites of Rule 15(c).

First, the claim against the Secretary "asserted in the amended pleading ... [must arise] out of the conduct, transaction or occurrence set forth or attempted to be set forth in the original pleading." Fed.R. Civ.P. 15(c). The court finds that this prerequisite is met.

Second, because the Department of the Air Force was served, the court finds that the Secretary "has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits." *Id.* As in *Hendrix,* the Secretary will not "be prejudiced in preparing its defense on the merits." *Hendrix,* 776 F.2d at 1257.

Third, the court finds that Secretary "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him." Fed.R.Civ.P. 15(c). Not only was the Air Force given notice of the suit, but the Air Force was involved in investigating plaintiff's claim of discrimination, and the Air Force adopted the EEOC hearing examiner's finding of no discrimination in issuing its final decision on November 2, 1983. [Defendant's Memorandum In Support of Defendant's Motion To Dismiss Or In The Alternative For Summary Judgment, pp. 1, 2]. Thus, the Air Force had knowledge of plaintiff's claim in addition to receiving notice, and this knowledge can be imputed to the Secretary. But for plaintiff's mistake, the Secretary should have known that an action, if any, would be brought against him by the plaintiff.

Furthermore, the court finds that the second and third prerequisites of Rule 15(c) were met "within the period provided by law for commencing the action" against the Secretary. Fed.R.Civ.P. 15(c).

■ The court therefore rules that plaintiff's motion to amend is not unreasonable. Pursuant to Rule 21, "[p]arties may be dropped or added by order of the court on motion of any party ... at any stage of the action and on such terms as are just." Fed.R.Civ.P. 21. Furthermore, Rule 15(a) provides that "leave shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The purpose of Rule 15 is "to provide maximum opportunity for each claim to be decided on its merits rather than on procedural technicalities." 6 C. Wright, A. Miller, Federal Practice and Procedure § 1471 (1971).

Accordingly, defendant's motion to dismiss or, in the alternative, for summary judgment is denied. Plaintiff's motion to amend is granted.

The Clerk will furnish a copy hereof to each attorney of record.