Martin J. SCHARRER, Plaintiff,

v.

CONSOLIDATED RAIL CORPORATION and H. Krevit & Co., Inc., Defendant.

CONSOLIDATED RAIL CORPORATION, Defendant/Third Party Plaintiff,

v.

H. KREVIT & CO., INC., Defendant/Third Party Defendant.

Civ. No. N–90–622 (WWE).

United States District Court, D. Connecticut.

June 2, 1992.

Joseph Holotka, Paul Matasavage, Peter M.J. Reilly, Matasavage & Matasavage, Waterbury, Conn., for plaintiff.

Patrick J. Flaherty, Scully & Dowling, Hartford, Conn., for Consolidated Rail Corp.

Phyllis Pari, Alan G. Schwartz, Williams & Dana, New Haven, Conn., for H. Krevit & Co.

### RULING ON DEFENDANT'S MOTION TO DISMISS

EGINTON, District Judge.

### FACTS

Defendant, H. Krevit & Co., Inc. ["Krevit"] moves, pursuant to Federal Rules of Civil Procedure 12(b)(6), to dismiss the amended complaint.

Plaintiff, an Ohio resident, alleges that he was injured as a result of a chemical spill that occurred on May 12, 1989. On that date, Scharrer was an employee of the Consolidated Rail Corporation ["ConRail"], working in the Cedar Hill Yard of the railroad.

Scharrer's original complaint was filed on November 7, 1990, against ConRail. In that complaint, he claimed negligence under the Federal Employer's Liability Act ["FELA"], 45 U.S.C. § 51 et seq. (1991), as

well as common law negligence. ConRail subsequently filed a cross claim against Krevit on February 18, 1991, alleging that Krevit, a chemical company, entered into a sidetrack agreement with ConRail's predecessor in 1949 by which Krevit agreed to indemnify and hold the owner of the Cedar Hill Yard harmless from any and all loss, damage or injury from any act or omission of Krevit or its agents, servants, and/or employees.

On January 31, 1992, after the statute of limitations had run, Scharrer filed an amended complaint adding Krevit as a direct defendant on the original cause of action.

Krevit seeks dismissal of Scharrer's FELA claim on the basis that the statute does not apply to Krevit, and dismissal of the common law negligence claim on the basis that it is time barred. For the reasons set fourth below, Defendant Krevit's motion to dismiss will be granted.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Ryder Energy Distribution v. Merrill Lynch Commodities, Inc.*, 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss under the Federal Rules of Civil Procedure, the court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

### I. The FELA Claim Under 45 U.S.C. § 51

The issue is whether Krevit can be sued under 45 U.S.C. § 51 (1991). Scharrer contends that the motion to dismiss is not timely because further discovery is needed to determine whether Krevit is an agent of ConRail. However, further discovery is not necessary on this issue. FELA, by its terms, applies to "[e]very common carrier by railroad while engaging in commerce between the several States...." 45 U.S.C. § 51 (1991). Scharrer has failed to allege, at any point in this action, that Krevit is operating a railroad. The record clearly indicates that Krevit is a chemical company in the business of manufacturing and distributing chemicals.

In Scharrer's own brief, he implies that Krevit is not a railroad and seeks further discovery to determine whether Krevit is an agent of ConRail. For the purposes of this motion, any agency relationship between Krevit and ConRail is irrelevant. Even if Krevit were found to be ConRail's agent, Krevit could not be liable under FELA because Krevit does not operate a railroad. *Young v. Consolidated Rail Corp.*, 710 F.Supp. 192, 194 (E.D.Mich. 1989).

### II. The Common Law Negligence Claim

It is undisputed that Scharrer filed his direct claim against Krevit more than two and a half years after the chemical spill. The statute of limitations for this negligence claim is two years. Conn.Gen.Stat. § 52–584 (1991). However, Scharrer contends that under the relation back theory permitted by Federal Rule of Civil Procedure 15(c), Krevit should have had sufficient notice of this action before the statute ran to allow the amended complaint to relate back to the cross claim filed by ConRail.

Generally, "a new defendant cannot normally be substituted or added by amendment after the statute of limitations has run." *Wood v. Worachek*, 618 F.2d 1225, 1229 (7th Cir.1980). In addition, the filing of a cross claim by a defendant in the original action does not toll the statute of limitations on a plaintiff's claim against a third-party defendant. *Monarch Industrial Corp. v. American Motorists Ins. Co.*, 276 F.Supp. 972, 981 (S.D.N.Y.1967); 6A Wright & Miller, *Federal Practice and*

*Procedure* § 1498 (1990); 3 *Moore's Federal Practice*, ¶ 14.09 (2d ed. 1991).

The court agrees with Krevit's contention that Federal Rule of Civil Procedure 15(c) does not apply under these circumstances. Rule 15(c) is intended to protect a plaintiff who mistakenly names a party and then discovers, after the statute of limitations has run, the identity of the proper party. *Kilkenny v. Arco Marine Inc.*, 800 F.2d 853, 857–858 (9th Cir.1986); *see also Afrika v. Selsky*, 750 F.Supp. 595, 599 (S.D.N.Y.1990). Such was not the case here. When ConRail filed its cross claim against Krevit, Scharrer should have realized that Krevit was a potential defendant. On February 18, 1991, when the cross claim was filed, Scharrer still had three months to file a claim against Krevit before the statute of limitations would run. Instead, he waited until January 31, 1992, almost eight months after the statute ran, to file his suit. In addition, Scharrer has failed to allege that there was any mistake on his part as to the identity of the defendant that would explain the delay in filing the claim.

Scharrer asserts that the cross-claim by ConRail against Krevit and his own negligence claim in the amended complaint are essentially the same, and as such Krevit would suffer no prejudice by the addition of Scharrer's direct claim. However, ConRail's negligence claim against Krevit is based on indemnification and contribution. Not only is this third-party action against Krevit contingent on the direct claim against ConRail, but the third-party action allows Krevit to raise defenses against ConRail that are not available against Scharrer directly. The addition of the direct claim against Krevit "amounts to the assertion of a 'new cause of action,' and if an amendment were allowed to relate back in [this] situation, the purpose of the statute of limitations would be defeated." *Williams v. United States*, 405 F.2d 234, 237 (5th Cir.1968). *See also* 3 *Moore's Federal Practice*, ¶ 15.15 [4.1]. Under these circumstances, it would be prejudicial to allow Scharrer to proceed in his suit against Krevit. Therefore, rule 15(c) does

not apply to these circumstances and the common law negligence claim is barred by the statute of limitations.

### CONCLUSION

For the reasons set forth above, Defendant Krevit's Motion to Dismiss is GRANTED.

SO ORDERED.